1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FREESTREAM AIRCRAFT (BERMUDA)
LIMITED, et al.,

                         Plaintiff(s),

vs.

AERO LAW GROUP, et al.,

                         Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:16-cv-01236-JCM-NJK

ORDER GRANTING MOTION TO STAY

(Docket No. 26)

       Pending before the Court is Defendants' motion to stay discovery. Docket No. 26. Plaintiffs filed a response in opposition and Defendants filed a reply. Docket Nos. 28, 29. The Court finds this motion properly decided without oral argument. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay is hereby **GRANTED**.

       Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Id.* at 602-03. Courts in this District have formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion. Motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be

decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012).

Generally speaking, "a pending motion challenging [personal] jurisdiction strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved." *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist Lexis 146270, *5-6 (D. Nev. Oct. 10, 2012); *see also Kabo Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570, *2 (D. Nev. Apr. 15, 2013) (noting more lenient standard for stay pending personal jurisdiction challenge since that is a "critical preliminary question"). In determining whether a stay is appropriate, the Court is mindful that "how the undersigned sees the jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional picture." *AMC Fabrication*, 2012 U.S. Dist Lexis 146270 at *10. Nonetheless, the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward. *See id.* at *5 (citing *Holiday Systems*, 2012 U.S. Dist. Lexis 125542).

Applying these standards, the Court finds that sufficient cause exists to **GRANT** the motion to stay. In the event that the pending motion to dismiss is not granted in full, the parties shall file a proposed discovery plan and scheduling order within seven days of the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

DATED: July 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge