UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREESTREAM AIRCRAFT (BERMUDA) LIMITED and ALIREZA ITTIHADIEH,<br><br>Plaintiff(s),<br><br>v.<br><br>AERO LAW GROUP and JOHN SCHMIDT,<br><br>Defendant(s). | Case No. 2:16-CV-1236 JCM (NJK)<br><br>ORDER |

Presently before the court is defendants Aero Law Group's and John Schmidt's motion to dismiss for lack of jurisdiction. (ECF No. 24). Plaintiffs Freestream Aircraft (Bermuda) Limited and Alireza Ittihadieh filed a response (ECF No. 35)[1], to which defendants replied (ECF No. 37).

I.  **Facts**

Plaintiff Freestream Aircraft (Bermuda) Limited ("Freestream") is a Bermuda corporation and its founder, plaintiff Ittihadieh, is a citizen of the United Kingdom, residing in Switzerland. (ECF No. 1 at 4). Freestream is an aircraft company that services clients in all aspects relating to aircrafts, including brokerages, sales, designs, and maintenance. (ECF No. 1).

Defendant Aero Law Group is a Washington professional corporation. (ECF No. 1 at 4). Defendant Schmidt is a partner at Aero Law Group and a resident of Washington. (ECF No. 1 at 4). Aero Law Group is a law firm with offices in Washington. (ECF No. 24 at 1).

Plaintiffs allege that since 2014, defendants have been attacking Freestream's reputation by making false statements that the back-to-back transaction structure it employs is illegal and

---

[1] Plaintiffs' complaint (ECF No. 1) and response (ECF No. 35) do not comply with Local Rule IA 10-1(a)(1). Plaintiffs shall ensure that future filings comply with the local and federal rules. The court may strike any document that does not conform to an applicable provision of the local rules or any Federal Rule of Civil Procedure. LR IA 10-1(d).

**James C. Mahan**
**U.S. District Judge**

unethical. (ECF No. 1). Plaintiffs further allege that defendants have been falsely asserting that Freestream solely uses the back-to-back transaction structure in its business. (ECF No. 1). Plaintiffs assert that these false statements have harmed their business practices and profits. (ECF No. 1).

On June 3, 2016, plaintiffs filed the underlying complaint alleging four causes of action: (1) defamation *per se*; (2) defamation; (3) business disparagement; and (4) tortious interference with prospective business advantage. (ECF No. 1).

In the instant motion, defendants argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(2) because the court lacks personal jurisdiction. (ECF No. 24).

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations would establish a prima facie case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction arises where a defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially "at home" in that forum. *See Daimler AG v. Bauman*, --- U.S. ----, 134 S. Ct. 746, 760 (2014).

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*. (citations omitted).

### III. Discussion

As an initial matter, no general jurisdiction exists over defendants in Nevada as they are citizens of Washington and are not "at home" in Nevada. Accordingly, to withstand dismissal

1  under Rule 12(b)(2), plaintiffs must demonstrate that their allegations establish a prima facie case
2  for specific jurisdiction.  *See Boschetto*, 539 F.3d at 1015.  In other words, plaintiffs must satisfy
3  the first two prongs of the test for specific jurisdiction.  *See Schwarzenegger*, 374 F.3d at 802.

4  In their complaint, plaintiffs allege that "[t]his court has personal jurisdiction over
5  [defendants] because they committed torts in Nevada."  (ECF No. 1 at 3).  Specifically, plaintiffs
6  allege that on November 18, 2015, at a trade show in Las Vegas, defendants made defamatory
7  statements to Masha Shvetsova, an agent for potential buyers of a jet, and Marwan Khalek, the
8  CEO of Gama Aviation, repeatedly linking Freestream to "illegal and unethical business behavior"
9  related to the use of back-to-back transactions.  (ECF No. 35 at 8–9).

10  The first prong of the specific jurisdiction test refers to both purposeful direction and
11  purposeful availment.  *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th
12  Cir. 2011).  "A purposeful direction analysis . . . is most often used in suits sounding in tort."
13  *Schwarzenegger*, 374 F.3d at 802.

14  Purposeful direction is analyzed under the "*Calder*-effects" test, wherein "the defendant
15  allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3)
16  causing harm that the defendant knows is likely to be suffered in the forum state."  *Brayton Purcell*
17  *LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc. v. La*
18  *Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)); *see also*
19  *Calder v. Jones*, 465 U.S. 783, 788–89 (1984) (establishing an "effects doctrine" for intentional
20  action aimed at the forum).

21  Plaintiffs argue that defendants intentionally made defamatory statements at the trade show
22  which were aimed at listeners in attendance and caused harm to plaintiffs' reputation in Nevada.
23  (ECF No. 35 at 13–14).

24  Defendants contend that the alleged defamatory statements were not aimed at Nevadans as
25  plaintiffs are not citizens of Nevada, nor are the third parties to which defendants made the
26  statements.  (ECF No. 24 at 10–11).

27  The court agrees.  Defendants must not only cause harm to a person who they know will
28  feel a "judicially sufficient amount of harm" in the forum state, but the intentional activity must

**James C. Mahan**
**U.S. District Judge**

- 4 -

also be directed to the forum state itself.  *See Yahoo! Inc.*, 433 F.3d at 1207.  Activity is not "aimed at" a forum state merely because it is expected that its effects will be felt there, otherwise the third element of the *Calder*-effects test would swallow the second.  *See Poor Boy Prods. v. Fogerty*, No. 3:14-CV-00633-RCJ, 2015 WL 5057221, at *3 (D. Nev. Aug. 26, 2015).

Here, plaintiffs have failed to sufficiently allege that defendants' defamatory statements at the trade show caused them any harm in Nevada or that the statements were "aimed at" Nevada itself.  While plaintiffs contend that their reputation in Nevada was harmed, they fail to state any facts in support of their contention.  The complaint makes no mention of plaintiffs conducting or losing any business in Nevada, nor does it allege that their profits decreased as a result of the harm to plaintiffs' reputation in Nevada.

In light of the foregoing, the court finds that plaintiffs have failed to sufficiently allege a prima facie case of purposeful direction by defendants.  As plaintiffs have failed to satisfy the first prong of the specific jurisdiction test, personal jurisdiction is not established in Nevada.  *See Schwarzenegger*, 374 F.3d at 802.  Accordingly, the court will grant defendants' motion to dismiss for lack of personal jurisdiction.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss for lack of jurisdiction (ECF No. 24) be, and the same hereby is, GRANTED without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion to extend time (ECF No. 36) be, and the same hereby is, DENIED as moot.

DATED November 29, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -